904 F.2d 46
 17 U.S.P.Q.2d 1255
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INTERNATIONAL SAUSAGE CORPORATION, Appellant,
v.
OLD DUTCH FOODS, INC., Appellee.
 No. 89-1713.
 United States Court of Appeals, Federal Circuit.
 May 24, 1990.
 
 Before RICH, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and ALLEN SHARP, Chief Judge.*
 DECISION
 JACK R. MILLER, Senior Circuit Judge.
 
 
 1
 We affirm the decision of the Trademark Trial and Appeal Board (TTAB), sustaining the opposition of Opposer/Appellee Old Dutch Foods, Inc. (with marks OLD DUTCH, WINDMILL DESIGN, and OLD DUTCH for a variety of snack foods) and refusing registration sought by Applicant/Appellant International Sausage Corporation for DUTCH BRAND and DESIGN for prepared MEATS.
 
 OPINION
 
 2
 In sustaining the opposition, the TTAB determined that there was a likelihood of confusion between applicant's DUTCH BRAND and DESIGN mark and opposer's composite mark consisting of the words "OLD DUTCH" in close proximity to a WINDMILL DESIGN.
 
 
 3
 Applicant's argument that the TTAB failed to properly compare the marks of the respective parties in their entireties appears to rest on its simple assertion that the TTAB compared a "hybrid hypothetical mark" consisting of opposer's registrations rather than the mark or marks actually used in commerce by opposer. However, the TTAB clearly compared applicant's mark with the composite mark that it found opposer had been using since the 1930's (i.e., "OLD DUTCH" in proximity to a windmill). Moreover, we are persuaded that the TTAB's factual findings in that regard were not clearly erroneous.
 
 
 4
 Applicant argues that the term "DUTCH" in the mark is weak or descriptive and, in that regard, cites third party registrations containing that term.[1] However, the evidence of such registrations was not accompanied by a showing of the extent of the use of "DUTCH" in other marks, which would be more probative of the issues than the fact of registration. Moreover, applicant has not otherwise shown that opposer's mark is so weak that the TTAB's holding of likelihood of confusion is in error. See Conde Nast Publications, Inc. v. Miss Quality, Inc., 507 F.2d 1404, 184 USPQ 422, 424 (CCPA 1975).
 
 
 
 *
 Allen Sharp, Chief Judge of the United States District Court for the Northern District of Indiana, sitting by designation
 
 
 [1]
 Applicant challenges the TTAB's exclusion of a computerized search report on third party registrations. We are satisfied that there was no harmful error in that exclusion